**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NJ Building Laborers Statewide Benefit Funds and the Trustees Thereof,<br>Plaintiff,<br>v.<br>Blade General Contracting Inc.,<br>Defendant. | Civil Action No.: 25-7398<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on plaintiff NJ Building Laborers Statewide Benefit Funds and the Trustees Thereof's ("NJ Builders") Motion to Enforce Litigant's Rights, ECF No. 9, in which NJ Builders seeks to enforce a post-judgment information subpoena served on defendant Blade General Contracting Inc. ("Defendant"). For the reasons set forth below the motion is **GRANTED**.

**WHEREAS** on August 22, 2025, this Court issued an Order and a Judgment confirming an arbitration award in NJ Builder's favor against Defendant in the amount of $42,333.30. ECF Nos. 4, 5. On August 26, 2025, NJ Builders sent the Order and Judgment via first-class and certified mail to Defendant's last known address. ECF No. 9-3 ("Marra Cert.") ¶ 3. Then, on October 9, 2025, NJ Builder's served Defendant with an information subpoena by first-class and certified mail to provide documents and to appear at a deposition scheduled for November 7, 2025. *Id.* ¶ 4; and

**WHEREAS** Defendant has not paid the Judgment and has neither responded to the information subpoena nor did it attend the deposition. *Id.* ¶ 5; ECF No. 9-3 Ex. A. Accordingly, NJ Builders filed the instant Motion to Enforce Litigant's Rights; and

**WHEREAS** Rule 69(a)(2) of the Federal Rules of Civil Procedure provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located"; and

**WHEREAS** New Jersey Court Rule 6:7-2(b) authorizes an "information subpoena [to] be served upon the judgment debtor, without leave of court, accompanied by an original and copy of written questions and a prepaid, addressed return envelope. The information subpoena and written questions shall be in the form and limited to those set forth in Appendix XI-L to these Rules"; and

**WHEREAS** New Jersey Court Rule 6:7-2(c) specifies that an information subpoena like the one at issue in this case "shall be served personally or by registered or certified mail, return receipt requested, and simultaneously by regular mail"; and

**WHEREAS** the Court has reviewed the information subpoena that NJ Builders served on Defendant, ECF No. 11-1, and determines that the questions set forth therein, are in the form of, and limited to, those questions set forth in Appendix XI-L to the New Jersey Court Rules; and

**WHEREAS** NJ Builders properly served the information subpoena on Defendant. *See* Marra Cert. ¶ 4 ("The subpoena was sent via-first class and certified mail, return receipt requested, to Respondent's last known address."); and

**WHEREAS** Defendant has not opposed the motion "or set forth any basis to quash or modify the subpoena. Moreover, the subpoena seeks asset information relevant to [NJ Builder's] attempts to collect on a judgment." *Tri-State Asphalt Sealing, Inc. v. Tri-State Paving Contractors, LLC*, No. 17-9135, 2021 WL 11726190, at *2 (D.N.J. Jan. 25, 2021) (granting motion to enforce litigant's rights because the motion was unopposed and collecting cases).

Accordingly, for the reasons stated above, **IT IS** on this 14th day of September, 2026;

**ORDERED** that Plaintiff's Motion to Enforce Litigant's Rights, ECF No. 9, is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall serve a copy of this Opinion and Order and the information subpoena upon Defendant within seven (7) days of the entry of this Opinion and Order by overnight mail, certified mail, and regular mail and shall retain proof of service; and it is further

**ORDERED** that Defendant shall respond to the information subpoena within twenty-one (21) days of the date of receipt.

**SO ORDERED.**

*s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**